**ORIGINAL**

Christopher Samuel
Pro Se, Litigant
Address: 282 E 35th Street,
Brooklyn NY 112203
Telephone: 9176809897

Pro Se Litigant for Plaintiff

BRODIE, J.

LEVY, M.J.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CV 19-5229

| | |
|---|---|
| CHRISTOPHER SAMUEL, New York an individual, <br><br> Plaintiff, <br><br> vs. <br><br> EVE ARON, California an individual, <br><br> Defendants | COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> 1. Breach of Loan Agreement <br> 2. Intentional Interference with a Prospective Economic Advantage <br> 3. Breach of Covenant of Good Faith and Fair Dealing <br> 4. Fraud <br> 5. Unjust Enrichment |



RECEIVED SEP 12 2019 PRO SE OFFICE

1

Christopher Samuel, individual ("Plaintiff") hereby files this Complaint against defendant Eve Aron, "Defendant" and allege as follows

## SUMMARY OF ACTION

1. Defendant Eve Aron fraudulently induced Plaintiff Christopher Samuel in Winter of 2019, to provide monies as an investment opportunity into Defendant's horse training business. The Defendant and Plaintiff were acquaintances and communicated via social media regularly.

2. The Plaintiff being an young entrepreneur, was keen on reaching a broader audience and the defendant enticed the plaintiff with many promises of access to horse shows, his name and brand being affiliated with the horses and a global platform to build his brand to a new audience.

3. The defendant requested from the plaintiff in February 2019 a cash loan in the amount of $80,000 payable immediately in order for the defendant to purchase a seven year old gelding warmblood imported from Germany ("New Horse"). The plaintiff realizing this was a large amount of money for a young entrepreneur like himself resisted. However, due to the defendants' insistence and promises of "entry to the horse world"; "global branding for his company"; "your name will be announced to the horse world as a young horse owner".

4. The plaintiff and defendant entered into a loan agreement (the "agreement") on March 1, 2019. The Plaintiff then fulfilled his contractual duties and paid via cashiers check the $80,000 per the agreement. The repayment of funds in a timely manner was paramount in the agreement due the large amount transferred via an unsecure loan and was considered a material term in the agreement.

5. The Defendant knew the plaintiff taking was extreme risk with this loan and agreed to timely payment terms in the agreement. Of which 1) to pay $50,000 with in 6 weeks of the execution of the agreement; 2) pay 50% of earnings generated from New Horse within 7 business days of defendant obtaining earnings 3) pay 50% of earnings generated from 3 of the Defendants existing horses : Diorado VDL- a ten year gelding warmblood

2

imported from Germany; Farolito – a eight year old gelding warmblood from the Netherlands and Maybellene – a twelve year old mare warmblood imported from Holland ("Old Horses"). The agreement stated that if any of these payments were not fulfilled the contract would be considered breached by the non-fulfilling party.

6. In the 48 hours leading up to the completion of the loan agreement the Defendant was in constant contact with the plaintiff. However, as soon as the money was transferred the defendant became distant and hard to contact. The plaintiff, being a young entrepreneur, needed the repayment in the contractually obligated timeframe.

7. From 48 hours of the execution of the agreement there has been hundreds of communication request made by the plaintiff to the defendant. Many of them met by silence or unkind words by the defendant to the plaintiff for the audacity to ask for the defendants' duties of the contract to be performed.

8. To date, the defendant has paid approximately $50,000 of the initial loan amount and has materially breached on every term of the agreement.

9. Accordingly, Plaintiff now seeks relief in this action against the defendant for claims of breach of contract, intentional interference with prospective economic advantage, breach of covenant of good faith and fair dealing, fraud, unjust enrichment

## **THE PARTIES**

10. Christopher Samuel is a New York domiciled in New York. Plaintiff does substantial, Systematic, and continuous business in the State of New York. Plaintiff resides at 282 East 35th Street, New York NY 11203. Defendant Eve Aron resides at 510 S. Sparks St, Burbank, California 91506.

11. On information and belief, Defendant Eve Aron is an individual residing in California. On information and belief, defendant does substantial systematic, and continuous business in the State of California and this judicial district.

## JURISDICTION AND VENUE

12. This court has jurisdiction based on the diversity of citizen between the Parties, and the amount in controversy, exclusive of interest and cost, exceeds $75,000. Jurisdiction is therefore proper in this court pursuant to 28 U.S.C. § 1332.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because a substantial part of the acts and omissions giving rise to the claims occurred in this District within the meaning of 28 U.S.C. § 1391(f)1. On information and belief, the loan agreement originated in this district and the parties consented that New York law will govern the agreement.

14. This Court may properly exercise personal jurisdiction over Defendant has expressly aimed their tortious conduct at the State of New York such that New York can be said to be a focal point of the tortious activity.

## FACTUAL ALLEGATIONS

15. Plaintiff and Defendant entered a written loan agreement On or about March 1, 2019. This agreement was signed by both parties.

16. In this agreement Plaintiff and Defendant agreed that the Plaintiff would loan the defendant $80,000 to purchase a New Horse, in exchange for the total payback of funds, royalties from the earnings of the New Horse and 3 aforementioned Old Horses in the accordance of with the terms of the agreement. In the effect of a breach by the defendant liquated damaged were agreed to be $400,000.

17. After the execution of the agreement the plaintiff obtained a cashiers check in the amount of $80,000 USD and transferred monies to the defendant as per the agreement. Therefore fulfilling his contractual obligations.

18. The defendant subsequently purchased the New Horse and in plaintiffs information and belief, currently training, leasing and competing the New Horse and the Old Horses.

19. After the purchase of the Horse by the defendant has been extremely difficult and their has been no accounting of the monies earned by either the New Horse or Old Horses. Nor has the balance of the initial loan been remitted.

20. Plaintiff has many text messages illustrating the defendants lack of fulfilling her contractual duties. Plaintiff also has text messages and other communications with the defendant assuring the plaintiff that the $80,000 would open doors to the global world of horse training and competing.

21. The defendant has not introduced the plaintiff to any of the horse shows, the plaintiffs brand has not been mentioned once in any horse merchandise, the defendant knew that the she had no intention of this occurring and only told the plaintiff that to induce him to loan her the $80,000.

## DEFENDANT AND THEIR TORTIOUS ACTIVITIES

22. Defendant fraudulently induced the plaintiff to enter into a contract. Defendant has breached the contract, intentionally interfered with a prospective economic advantage, breached covenant of good faith and fair dealing and has been unjustly enriched by the plaintiffs monies.

23. Defendant knowingly, willingly and with wanton conduct began breaching the agreement once the New Horse was purchased and delaying or not remitting payments that were agreed upon in the contract.

24. Plaintiff is informed and believes, and on that basis alleges that Defendant intentionally and in bad faith began to and begin operating and making transactions of both the New Horse and Old Horses without the consent of the plaintiff. Doing so without consent of the Plaintiff. Defendant:

   i. Blocking access to the New Horse information accounts and funds;

    ii. Preventing Plaintiff from equally sharing in profits and surplus;

    iii. Preventing Plaintiff from equal rights and management according to the United States Equestrian Federation;

    iv. Preventing Plaintiff from access to the New Horse and Old Horses earnings and records

    v. Intentionally not giving Plaintiff true and full information;

    vi. Not accounting to the plaintiff for any benefits Defendant received;

    vii. Denying the Plaintiff the formal right to account for business affairs

25. Despite Plaintiff's continued request for the Defendant to fulfill the agreement, the defendant has ignored the Plaintiff.

26. Defendant has never introduced the plaintiff to any persons in the horse training or equestrian industry.

27. Upon learning the extent of the breach, after defendant failure to cure this breach, the plaintiff had no choice but to commence this action.

## PLAINTIFF'S HARM

28. Plaintiff has suffered economic harm. As a young entrepreneur he has to lay out large amounts of capital to fund his shows and events. Due to the defendant's wanton and willful actions, the plaintiff has been unable to support his livelihood.

29. By reason of her conduct, defendant has caused and will continue to cause irreparable injury to the plaintiff.

30. Defendant's breach of the agreement has caused injury to Plaintiff in a amount to be proven at trial.

## FIRST CAUSE OF ACTION
## BREACH OF LOAN AGREEMENT

6

31. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-30 as fully set forth herein.

32. Under Business and Corporate law in order to breach a contract the following elements must be established: (1) a valid and enforceable contract; (2) the plaintiff's performance of the contract; (3) breach by the defendant; and (4) damages.

33. Plaintiff and Defendant entered into a valid written contract "loan agreement" dated March 1,2019 and signed by both parties.

34. Plaintiff has performed all conditions, covenants, and promises required to be performed by Plaintiff in accordance with the terms of the Loan Agreement alleged herein.

35. As detailed above, defendants have breached the loan agreement by, among many things:

- Failure to pay the Plaintiff in a timely manner the balance of the loan from the earnings of the New Horse
- Failure to pay the Plaintiff in a timely manner the earnings from the New Horse
- Failure to pay the Plaintiff in a timely manner the earnings from the Old Horses
- Failure cure any late payments according to the above mentioned contract
- Failure to allow for inspection of books and accounting as a manager/owner of the New Horse
- Failure to disclose any ownership details in regards to New Horse

36. As a direct and proximate result of the Defendant's breaches of the loan agreement as foresaid, plaintiff has suffered severe economic harm and monetary damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE

37. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-36 as fully set forth herein.

38. Pursuant to Business and Corporate Law in order to intentionally interfere with a prospective advantage: 1) an economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; 2) knowledge by the defendant of the existence of the relationship; 3) intentional acts on the part of the defendant designed to disrupt the relationship; 4) actual disruption of the relationship; and 5) damages to the plaintiff proximately caused by the acts of the defendant".

39. Defendant enticed the plaintiff to enter the contract based on her contacts and contracts to be gained in the industry. The defendants wanton and willful conduct has prevented the plaintiff from obtaining the contracts and contacts he was promised to obtain.

40. As a direct and proximate result of the Defendant's intentional interference with prospective advantage as foresaid, plaintiff has suffered severe economic harm and monetary damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

41. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-40 as fully set forth herein.

42. In general, every contract or agreement contains an implied duty of good faith and fair dealing. This duty requires that neither party will do anything that will destroy or injure the rights of the other party.

43. In analyzing the facts of this case, it is clear that the defendant with willful and wanton acts breached this duty.

44. Defendants wanton disregard terms of the agreement is clear by the defendants actions.

45. Defendants actions as alleged constitutes misappropriation and a violation of plaintiffs rights in the agreement and a breach of implied covenant of good faith and fair dealing.

46. As a result of the unlawful conduct of the Defendant alleged above the plaintiff have been and continue to be substantially injured and entitled to damages they have sustained and any gains, profits, advantages obtained by defendant as a result of their unlawful acts.

## FOURTH CAUSE OF ACTION

## FRAUDULENT INDUCEMENT

47. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-46 as fully set forth herein.

48. In order to state a claim for fraudulent inducement, there must be a knowing misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury.

49. Defendants knowing misrepresented to the plaintiff that she was going to introduce him to the horse industry. Knowing the plaintiff was a young entrepreneur, the defendant falsely guaranteed the plaintiff access to horse shows, equestrian events and horse events.

50. The plaintiff relied on the defendants misrepresentations and agreed to enter into the loan agreement.

51. To date, the defendant has not introduced the plaintiff to anyone in the horse industry, the plaintiff has not attended any horse shows or events.

52. As a result of the unlawful conduct of the Defendant alleged above the plaintiff have been and continue to be substantially injured and entitled to damages they have sustained and any gains, profits, advantages obtained by defendant as a result of their unlawful acts.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

53. Plaintiffs reallege and incorporate herein each and every allegation contained in Paragraphs 1-52 as fully set forth herein.

54. As a result of the unlawful conduct of Defendant alleged above, defendant has been unjustly enriched at Plaintiff's expense by receiving plaintiffs monies without providing the contractually bargained for consideration.

55. As a result of the unlawful conduct of the Defendant alleged above the plaintiff have been and continue to be substantially injured and entitled to damages they have sustained and any gains, profits, advantages obtained by defendant as a result of their unlawful acts.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgement against Defendant, and their respective partners, agents, and employees and any and all persons in active concert or participation with Defendant, and each of their heirs, executors, adminstrators, successors, licensees, assigns, subsidiaries, parents, affiliats, divisions, co-venturers, partners, officers, directors, employees, agents and any other persons, corporates or other entities action under the direction, supervision, control or on concert or participation with Defendant

2. Awarding all damages requested in complaint including direct, liquated, and incidental damages;

3. Awarding an accounting to Plaintiffs for the gains and profits of Defendant and for the the damages sustained by Plaintiffs as a result of the willful, intentional and wrongful conduct of Defendant in the amount of 2 million dollars

4. Awarding pre- and post-judgement interest;

5. Awarding such other relief as the court deems just and proper.

Dated: September 12, 2019         CHRISTOPHER SAMUEL

                                  By: _____
                                      Christopher Samuel
                                      Pro Se Plaintiff
                                      CHRISTOPHER SAMEUL