# DAVID J. HOFFMAN
ATTORNEY AT LAW
254 W. 15TH ST. APT. 2C
NEW YORK, NEW YORK 10011
EMAIL: DJHOFFMAN@DJHOFFMANLAW.COM
TEL: 917-701-3117

May 10, 2021

Magistrate Judge Robert M. Levy
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Samuel v. Aron, Case No. 19-cv-5229 (E.D.N.Y.)(MKB)(RML)

Dear Magistrate Judge Levy:

    I write on behalf of Defendant Eve Aron in the above-referenced matter and in response to this Court's order of May 3, 2021. In advance of tomorrow's conference, Ms. Aron would update the Court as to the open issues.

    Ms. Aron timely served her responses to Plaintiff's Interrogatories on April 16, 2021. Together with those responses, Ms. Aron also produced documents related to payments made to Plaintiff. Ms. Aron raised certain objections to Mr. Samuel's interrogatories and is continuing her efforts to produce documents. We have not received any detailed explanation of Mr. Samuel's objections to our discovery responses. On April 16, Mr. Samuel requested a telephone conference on Monday, April 19. As I was not available on that date, I suggested we confer by telephone on Wednesday, April 21. Mr. Samuel did not directly respond to that request.

    On May 5, 2021, I sent the attached letter to Mr. Samuel outlining some of the deficiencies in his initial disclosures and invited him to confer by telephone on May 6 or 7. To that letter, I attached a draft of a confidentiality order, based on this Court's form, in order to facilitate the exchange of any confidential information. On May 6, I again asked to schedule a telephone conference on that day or the following day. Mr. Samuel did not respond to either of these requests.

    Mr. Samuel's initial disclosures are woefully insufficient. With the exception of one horse trainer, Mr. Samuel has not identified any witnesses that would have information regarding his claims. He has produced no calculation of damages. And he has not produced a single document.

    Among Mr. Samuel's claims is a rather far-fetched claim that "the Defendant retaliated against the Plaintiff by creating fictional social media accounts and accusing the Plaintiff of sexual assault… [t]he various accounts are all owned by one person and share

various but similar stories of the Plaintiff sexually assaulting them." (Amended Complaint, para. 26). It does appear that Mr. Samuel stands accused by "more than a dozen women"[1] of various forms of sexual misconduct. Furthermore, Ms. Aron is not among the public accusers, yet certain of them have been named. For example, in the Essence article referenced, a photographer named Cheyenne Skyy publicly accused Mr. Samuel. Ms. Skyy apparently maintains a website showing her photograph, her biography and a listing of various professional credentials.[2] For Mr. Samuel to maintain his claim, Mr. Samuel will have to prove that Ms. Skyy, inter alia, is a fake personality created by Ms. Aron for the purpose of discrediting him. We ask that the Court compel Mr. Samuel to produce the evidence he plans on introducing at trial to prove this extraordinary claim. There should be no need to expose Ms. Aron to potentially intrusive questioning if this claim, as it appears to be, is doomed.

Furthermore, an essential element of the defamation claim is publication. <u>Dillon v. City of New York</u>, 261 AD 2d 34 (1st Dep't 1999)(defamatory statement must be "published without privilege or authorization to a third party"). Yet, Mr. Samuel's initial disclosure fails to disclose any person to whom Ms. Aron allegedly published any defamatory statement.

As part of our discovery obligations, we have turned over evidence showing the payment of in excess of $50,000 to Mr. Samuel on the loan debt (principal amount $80,000). Unfortunately, much of this documentation is not in the best form it could be, consisting largely of evidence from payment applications, rather than the underlying bank documents themselves. Furthermore, some receipts use Defendant's internet username of "Trappin Anonymous" rather than a more formal identification. Many of the payments were made on Ms. Aron's behalf by her mother. It is our understanding that Ms. Aron's mother was authorized to use the accounts, but the actual accountholder was her deceased father. Because of Dr. Aron's unfortunate death, these accounts have been closed and neither Ms. Aron nor her mother have access to the banking documents, as opposed to the PayPal-like receipts. Therefore, to obtain the actual banking records, we may have to resort to subpoenas of bank accounts of the deceased Dr. Aron that may be located in Massachusetts or Florida (the states of Ms. Aron's mother's residence).

We would suggest the resolution of this problem. The records we have produced reasonably accord with Mr. Samuel's initial Complaint in this matter, i.e., "the defendant has paid approximately $50,000 of the initial loan amount". (Complaint, para. 8). We would ask that the Court accept the following resolution: (1) that the Defendant be permitted to serve Notices to Admit on the Plaintiff with regard to the payments, and (2) that Plaintiff be charged with attorneys' fees and costs should the Plaintiff have to resort to cross-state subpoena practice to prove these payments, which were apparently admitted in Plaintiff's initial complaint. Given Mr. Samuel's statement in his initial complaint, and the records we have produced, it appears that the amount in controversy on the contractual claim is less than $30,000. Ms. Aron's position is that the events that would trigger payment of the remaining sums have not yet occurred. The cross-state work required to obtain more conclusive records would be vastly disproportionate to the amount.

---

[1] https://www.essence.com/celebrity/dusse-palooza-chris-stylezz-sexual-misconduct/
[2] https://cheymillz.com/

We look forward to discussing these issues with the Court on May 11 and hope for an efficient resolution of them.

Very truly yours,

/s/David J. Hoffman