UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
CHRISTOPHER SAMUEL,

                Plaintiff,

                                                         **ORDER**
       -against-                                       19-CV-5229 (MKB) (TAM)

EVE ARON,

                Defendant.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

On September 12, 2019, Christopher Samuel ("Plaintiff") initiated this action against Eve Aron ("Defendant"). (*See* Complaint, ECF No. 1.) Plaintiff alleges that Defendant fraudulently induced him to provide money as an investment opportunity into Defendant's horse training business. (*Id.*; *see also* Amended Complaint ("Am. Compl."), ECF No. 20.) Presently before the Court is defense counsel's most recent motion to withdraw. (May 14, 2022 Mot. to Withdraw ("Mot. to Withdraw"), ECF No. 39.) For the reasons discussed herein, defense counsel's motion to withdraw is granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On April 6, 2021, defense counsel David Hoffman filed his first motion to withdraw as counsel "on account of, inter alia, Ms. Aron's complete failure to communicate with [him] to even the minimum degree necessary to represent her in this matter." (Apr. 6, 2021 Declaration of David J. Hoffman, ECF No. 29-1, ¶ 2.) Mr. Hoffman further explained: "At least half a dozen times, [Defendant] expressly promised to call [him] at a given time, but never did." (*Id.* ¶ 5.) Defendant appeared

---

[1] This Order assumes familiarity with the underlying facts and relevant procedural history.

during a motion hearing before Magistrate Judge Robert M. Levy on April 7, 2021, and assured Judge Levy that she would cooperate with her attorney. (Apr. 7, 2021 ECF Minute Entry.) "Upon an assurance of cooperation from Ms. Aron, Mr. Hoffman [withdrew] his motion to withdraw without prejudice to reinstate it if the attorney-client relationship is irreparably impaired." (*Id.*; *see also* Apr. 7, 2021 Order Withdrawing Motion to Withdraw.) On July 20, 2021, the case was reassigned to Magistrate Judge Taryn A. Merkl. (July 20, 2021 ECF Order.)

On July 7, 2021, the case was referred to mediation and on September 17, 2021, Plaintiff filed a letter requesting a conference because "everything requested of defendant ha[d] not been provided to the mediator." (July 7, 2021 ECF Order Referring Case to Mediation; Pl.'s Sept. 17, 2021 Letter, ECF No. 32.) The Court held a conference on October 7, 2021, and again referred the case to the EDNY Mediation Panel at the parties' request. (Oct. 7, 2021 ECF Minute Entry and Order; Oct. 7, 2021 ECF Order Referring Case to Mediation.) On November 16, 2021, a report of mediation was filed indicating that the case was settled, but Plaintiff filed a letter on December 2, 2021, requesting another conference with the Court to check in and understand "next steps in case the agreed-on money isn't received . . . ." (Nov. 16, 2021 Report of Mediation Settled; Pl.'s Dec. 2, 2021 Letter, ECF No. 33.) In response, the Court directed the parties to file a stipulation of dismissal or a joint status report by December 17, 2021. (Dec. 3, 2021 ECF Order.) On December 13, 2021, the parties informed the Court that the mediation successfully resulted in a settlement agreement but that "the agreement does provide the defendant until January 3, 2022 to make the payment necessary to implement the settlement agreement." (Dec. 13, 2021 Joint Status Report, ECF No. 34.)

On January 4, 2022, Plaintiff filed a letter informing the Court that Defendant had not paid the settlement the parties agreed on by January 3, 2022. (Pl.'s Jan. 4, 2022

Letter, ECF No. 35.) On January 18, 2022, defense counsel renewed his motion to withdraw. (Jan. 18, 2022 Mot. to Withdraw, ECF No. 36.) In support, defense counsel represented: "I have had no meaningful communication from my client since our session with the mediator." (*Id*.) Defense counsel asked the Court for guidance regarding whether he would need to make a new motion to withdraw or if the previous motion could be revived. (*Id*.) In response, the Court scheduled a status conference for February 8, 2022, and directed Defendant to personally appear at the conference. (Jan. 19, 2022 ECF Scheduling Order.) The Court also directed defense counsel to provide a copy of the scheduling order to Defendant. (*Id.*)

Defendant did not appear at the February 8, 2022 status conference. (Feb. 8, 2022 ECF Minute Entry and Order.) At the conference, Plaintiff and defense counsel provided an update regarding the status of the settlement and defense counsel's motion to withdraw; the Court reserved decision on defense counsel's motion. (*Id*.) The Court also scheduled another status conference for March 8, 2022, and again directed Defendant to personally appear at the conference. (*Id.*) The parties were directed to serve Defendant with notice of the March 8, 2022 status conference at any address they had and electronically. (*Id.*) Defense counsel was directed to call Defendant and inform her of the March 8, 2022 status conference and the Court order directing her to appear at the conference. (*Id.*) On March 8, 2022, defense counsel filed a letter and attached a FedEx confirmation demonstrating that he "served a copy of the Court's order of February 8, 2022 on Ms. Aron at the only address that [he] [had] for her." (Mar. 8, 2022 Def. Counsel Letter, ECF No. 37; *see also* FedEx Tracking Confirmation, ECF No. 37-1.)

Defendant did not appear at the March 8, 2022 status conference. (Mar. 8, 2022 ECF Minute Entry and Order.) At the conference, the parties again provided a status update regarding the settlement, and the Court denied defense counsel's motion to

3

withdraw without prejudice to refile a motion that conformed with E.D.N.Y. Local Rule 1.4.[2] (*Id.*) The Court also scheduled another status conference for May 9, 2022, and again directed Defendant to personally appear at the conference. (*Id.*) The parties were directed to serve Defendant with notice of the May 9, 2022 status conference at any address they had and electronically. (*Id.*) Defense counsel was directed to call Defendant and inform her of the May 9, 2022 status conference and the Court order directing her to appear at the conference. (*Id.*)

Yet again, Defendant did not appear at the May 9, 2022 status conference. (May 9, 2022 ECF Minute Entry and Order.) At the conference, Plaintiff represented that he intended to file a motion to enforce the parties' settlement, for which the Court set a deadline and directed Plaintiff "to serve the motion on Defendant using any methods available and to file an affirmation of service in support of the motion." (*Id.*) The Court also informed defense counsel that if he chose to refile his motion to withdraw, he was directed "to file his motion to withdraw in conformity with EDNY Local Rule 1.4, including an affidavit and proof of service, by 5/13/2022." (*Id.*) Defense counsel was directed to serve Defendant with the Minute Entry and Order using any and all methods available. (*Id.*) Plaintiff then filed a motion for default judgment on May 12, 2022, which he then sought to withdraw upon filing a motion to enforce settlement on May 24, 2022. (Mot. for Default J., ECF No. 38; Mot. to Enforce Settlement, ECF No. 41.)

In addition, on May 14, 2022, defense counsel re-filed his motion to withdraw. (Mot. to Withdraw, ECF No. 39.) Defense counsel filed proof of service of the motion to

---

[2] Defense counsel's second motion to withdraw was deficient pursuant to EDNY Local Rule 1.4 because it did not include an affidavit showing reasons for withdrawal and whether defense counsel was asserting a retaining or charging lien, nor did it include an affirmation of service of the motion on Defendant. (*See* Jan. 18, 2022 Mot. to Withdraw, ECF No. 36; March 8, 2022 ECF Minute Entry and Order.) E.D.N.Y. Local Civil Rule 1.4.

4

withdraw on Defendant on May 27, 2022. (Defense Counsel's Certificate of Service, ECF No. 42.)

For the following reasons, the Court (1) grants defense counsel's motion to withdraw; (2) directs defense counsel to serve a copy of the docket and this Order on Defendant by **June 14, 2022**; and (3) directs Defendant to provide her address and contact information to the EDNY Pro Se Office by letter by **June 30, 2022,** if she does not locate new counsel.

## DISCUSSION

"Whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quotation marks omitted); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal; and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Est. of Wiesner*, No. 05-CV-1634 (DRH) (AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, No. 05-CV-1634 (DRH) (AKT), 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

Defense counsel's current motion to withdraw was filed pursuant to Rule 1.4 of the Local Rules of the United States District Court for the Eastern District of New York. (*See* Mot. to Withdraw, ECF No. 39.) In his affidavit in support, defense counsel represented:

> Ms. Aron has failed to respond to my communications, has failed to complete her obligations under the settlement agreement, has failed to pay the mediator in this case and furthermore apparently attempted to pass a bad check in an effort to settle this case.

(May 14, 2022 Declaration of David J. Hoffman, ECF No. 40, ¶ 3.)

5

The Court finds that defense counsel's attempts to communicate with Defendant and her apparent refusal to communicate with defense counsel, and her failure to appear for multiple Court conferences, despite clear orders directing Defendant to personally appear, sufficient to show that defense counsel has "satisfactory reasons for withdrawal," namely, a breakdown of the attorney-client relationship. E.D.N.Y. Local Civil Rule 1.4; *see also, e.g.*, *Jackson v. Lowe's Companies, Inc.*, No. 15-CV-4167 (ADS) (ARL), 2016 WL 6155937, at *2 (E.D.N.Y. Oct. 21, 2016) ("In this District, it is well settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." (quotation marks and modification omitted)); *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("Here, counsel has demonstrated by affidavit that there are irreconcilable differences between his firm and Plaintiff . . . . This satisfies Rule 1.4's requirement of 'satisfactory reasons' for withdrawal." (internal citation omitted)).

Accordingly, defense counsel's motion to withdraw as attorney for Defendant is granted.

\* \* \* \* \*

## CONCLUSION

Defense counsel's motion to withdraw as attorney (ECF No. 39) is granted. The Court directs defense counsel, David Hoffman, to serve Defendant with a copy of the docket and this Order by **June 14, 2022**. Mr. Hoffman is directed to inform Defendant that if she does not locate new counsel, she must provide her address and contact information to the EDNY Pro Se Office by letter by **June 30, 2022**. If Defendant intends to mail her letter to the Court, the envelope should be addressed to the attention of the Pro Se Office. If Defendant fails to locate new counsel or file an appearance *pro se* by **June 30, 2022,** she risks potential consequences, including the Court's granting of Plaintiff's motion to enforce settlement or the entry of default judgment. (*See* Mot. to Enforce Settlement, ECF No. 41.) *See also* Fed. R. Civ. P. 37(b)(2)(A)(vi) (providing that the court may render a default judgment against a party for failing to obey a court order).

**SO ORDERED.**

Dated: Brooklyn, New York
June 6, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE