UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CHRISTOPHER SAMUEL,

                         Plaintiff,                     **ORDER**
                                                                   19-CV-5229 (MKB) (TAM)

            v.

EVE ARON,

                         Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Christopher Samuel commenced the above-captioned action against Eve Aron on September 12, 2019. (Compl., Docket Entry No. 1.) Plaintiff asserted breach of contract, intentional interference with prospective economic advantage, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, and unjust enrichment claims stemming from Defendant's alleged default on contractual obligations and fraudulent inducement of Plaintiff's investment into Defendant's horse training business. (*Id.* ¶¶ 31–55.) Defendant moved to dismiss all but Plaintiff's breach of contract claim, (Def.'s Mot. to Dismiss, Docket Entry No. 12; Def.'s Mem. in Supp. of Def.'s Mot., Docket Entry No. 12-1), and Plaintiff opposed the motion, (Pl.'s Mem. in Opp'n to Def.'s Mot., Docket Entry No. 14). The Court granted Defendant's motion, (Order dated December 1, 2020, Docket No. 17), and this matter was referred to mediation, (Order dated July 7, 2021), following Plaintiff's filing of an Amended Complaint, (Am. Compl., Docket No. 20).

       In a joint status report on December 13, 2021, the parties reported that their mediation resulted in a settlement agreement. (Status Report, Docket Entry No. 34.) The parties were then directed to file a stipulation of dismissal by January 17, 2022. (Order dated December 14, 2021.)

On January 4, 2022, Plaintiff informed the Court that he had not received a payment from Defendant in accordance with the parties' settlement agreement. (Pl.'s Letter, Docket Entry No. 35.) On May 12, 2022, Plaintiff filed a motion for a default judgment, (Docket Entry No. 38), which he later moved to convert into a motion to enforce the settlement, (Def.'s Mot. to Enforce Settlement, Docket Entry No. 41). The Court referred Plaintiff's motion to Magistrate Judge Taryn Merkl for a report and recommendation. (Order dated June 17, 2022.)

By report and recommendation dated September 14, 2022, Judge Taryn Merkl recommended that the Court grant Plaintiff's motion to enforce the settlement and enter judgment in favor of Plaintiff consisting of (1) a judgment of $45,000; (2) pre-judgment interest at nine percent per annum pursuant to New York Civil Practice Law and Rules §§ 5001(a)–(b) and 5004, to be calculated from January 4, 2022, through the date of judgment; and (3) post-judgment interest at the rate set forth in 28 U.S.C. § 1961(a), to be calculated from the date judgment is entered until the date of payment. (R&R, Docket Entry No. 46.)

No objections to the R&R have been filed and the time for doing so has passed.

## I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any

purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

The Court adopts the R&R and grants Plaintiff's motion to enforce settlement. Plaintiff is directed to serve copies of this Order upon Defendant at her last known addresses and to file proof of service with the Court. The Clerk of Court is directed to close this case.

Dated: December 22, 2022
       Brooklyn, New York

                                      SO ORDERED:

                                      /s/ MKB
                                      MARGO K. BRODIE
                                      United States District Judge